IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TROY POWERS, ) <br> ) <br> Defendant. ) <br> ) | Case No. 05-cr-30091 |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Defendant Troy Powers' Motion for Early Termination of Supervised Release (d/e 21) is DENIED.

**I. BACKGROUND**

In June 2006, Defendant entered an open plea of guilty to conspiracy to distribute 5 or more kilograms of cocaine (Count 1) and distribution of cocaine (Count 2). In December 2006, United States District Judge Michael P. McCuskey sentenced Defendant to 120 months' imprisonment on each count to be served

concurrently.[1]  Judge McCuskey also sentenced Defendant to ten years of supervised release on Count 1 and six years of supervised release on Count 2, to be served concurrently.  In January 2007, Judge McCuskey entered an amended judgment (d/e 20) to correct a clerical error (the date of sentencing was incorrect).

Defendant began serving his term of supervised release on June 27, 2014.  His term will expire on June 26, 2024.

On July 17, 2018, Defendant filed a pro se motion for Early Termination of Supervised Release.  In his Motion, Defendant requests early termination because the geographical limitations of his supervised release restrict his ability to make a living and be a responsible, involved father.  Specifically, Defendant is a single parent to his 16-year-old son.  Defendant's son plays basketball.  Defendant is unable to attend basketball games occurring beyond this judicial district.  In addition, Defendant's son has received

---

[1] The Court notes that Defendant committed these offenses while on supervised release on a conviction for conspiracy to distribute a controlled substance (cocaine) in Central District of Illinois Case No. 93-30057.  See PSR ¶ 34 (d/e 16).  In December 2006, Judge McCuskey revoked Defendant's supervised release in Case No. 93-30057 and ordered Defendant to serve 15 months' imprisonment, to be served consecutively to the sentence imposed in this case.  Case No. 93-30057, December 5, 2006 Minute Entry; Judgment (d/e 70).

invitations from colleges for campus visits.  Defendant is unable to participate in the college visits due to the geographical limitations.

Defendant also asserts that his earning potential with his employer, LaDew Cleaning Concepts, is limited because he can only work on projects within this judicial district.  Defendant submitted a letter from his employer asserting that, because the employer's "territory is spread throughout the state and beyond," it would be to the employer's advantage to extend Defendant's "limits of travel to [perform] further employment duties."  Letter (d/e 21, p. 10 of 10).

The Government objects to early release.  The Government argues that Defendant can request approval to accompany his son to out-of-district events and to travel for employment purposes.  Defendant has only once—in July 2014—requested approval to travel outside the district and that request was approved.

The Government's response also reflects that, while the Probation Office does not object to Defendant filing a motion for early termination, the Probation Office does not support early termination of supervised release.  Defendant is in compliance with his terms of supervised release.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3583, the Court may grant early termination of supervised release at any time after the expiration of one year if, after considering certain factors set forth in 18 U.S.C. § 3553, the court finds that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The factors that must be considered are:

- the nature and circumstances of the offense and the characteristics of the defendant (18 U.S.C. § 3553 (a)(1));
- the need for the sentence imposed to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B));
- the need for the sentence imposed to protect the public from further crimes of the defendant (18 U.S.C. § 3553 (a)(2)(C));
- the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553 (a)(2)(D));
- the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant and any pertinent policy

statements issued by the Sentencing Commission (18 U.S.C. § 3553 (a)(4), (a)(5));

- the need to avoid unwarranted sentencing disparities (18 U.S.C. § 3553 (a)(6)); and

- the need to provide restitution to any victims of the offense (18 U.S.C. § 3553 (a)(7)).

18 U.S.C. § 3583(e). [2] The defendant bears the burden of demonstrating that early termination is warranted. United States v. Coney, No. 08-CR-324, 2013 WL 5701081, at *1 (E.D. Wis. Oct. 18, 2013). While Federal Rule of Criminal Procedure 32.1(c) mandates a hearing before the Court modifies the conditions of supervised release, a hearing is not required before denying a request for modification. See United States v. Nonahal, 338 F.3d 668, 671 (7th Cir. 2003); see also United States v. Reagan, 162 F. App'x 912, 913 (11th Cir. 2006) (no hearing was required before district court denied a request for early termination of supervised release).

---

[2] The Court does not consider the factors set forth in 18 U.S.C. § 3553(a)(2)(A), the need for the sentence to reflect the seriousness of the offense, promote respect for the law, or provide just punishment. See 18 U.S.C. § 3583(e).

Whether to grant a motion for early termination of supervised release is entirely within the discretion of the district court. United States v. Lowe, 632 F.3d 996, 997 (7th Cir. 2011). Nonetheless, the district judge must give some indication that she considered the relevant statutory factors. Id. at 998. The Court need not make explicit findings on each of the relevant factors, but the record must reveal the Court gave consideration to the § 3553(a) factors. Id. (finding the district court abused its discretion in failing to consider the statutory factors and finding that the court's general policy of refusing to consider motions for early termination of supervised release until 12 months before the term expired circumvented the intent and purposes of 18 U.S.C. § 3583(e)(1)).

### III. ANALYSIS

In this case, Defendant meets the initial requirement—he has been on supervised release for at least one year. Therefore, the Court must determine whether Defendant's conduct and the interests of justice warrant termination. This determination requires an examination of the relevant § 3553 factors identified in 18 U.S.C. § 3583(e).

Having considered the relevant factors, the Court denies Defendant's request. The Court commends Defendant for the progress he has made. Defendant is employed, and his employer describes him as "an excellent role employee" and a "trusted and needed employee." Letter (d/e 21, p. 10 of 10). Defendant has complied with all of the terms of supervision. However, given the nature of the offense, continued supervision is necessary to deter further violations of the law and to avoid unwanted disparities with other offenders convicted of the same offense. See United States v. Mitchell, Case No. 03-194, 2013 WL 4763966, at *2 (E.D. Wis. Sept. 4, 2013) (denying request for early supervision release where the defendant was "on [the] right track" but continued supervision was necessary to protect the public, deter future violations of the law, and avoid unwarranted disparity).

Defendant suggests that the conditions of supervised release are preventing him from attending his son's basketball games and college visits and from advancing at work because of his geographical limitations. However, Defendant does not assert that the Probation Office has unreasonably denied his requests. He has only once requested permission to travel outside the judicial district

and that request was granted.  Nor does Defendant assert that he must travel on such short notice that he cannot ask for permission in advance.  The Probation Office has advised the Court that permission will be freely granted so long as Defendant continues to comply with the terms of supervised release and the requests are timely made.

Finally, the Court notes that many district courts and other Courts of Appeals have held that the conduct of the defendant necessary to justify early termination should include something more than just following the rules of supervision, such as "new and unforeseen circumstances, or where the defendant's behavior has been exceptionally good." United States v. O'Hara, No. 00-CR-170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011) (citing cases); see also United States v. Laine, 404 F. App'x 571, 573-74 (3rd Cir. 2010) (generally requiring exceptional or extraordinary reason for early termination of supervised release; compliance with the conditions of supervised release is not exceptional or extraordinary). Defendant has not identified any new, unforeseen, or exceptional circumstances that warrant early termination.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination of Supervised Release (d/e 21) is DENIED.

**ENTERED: October 5, 2018**

**FOR THE COURT:**

    <u>s/Sue E. Myerscough</u>
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**